COURT OF APPEALS
DECISION
DATED AND FILED

November 4, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP1187-CR**

Cir. Ct. No.  2017CF220

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

RUSSELL JAMES HIERL,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Monroe County: MARK L. GOODMAN, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1	PER CURIAM.	Russell Hierl appeals a judgment, entered upon his guilty plea, convicting him of one count of operating under the influence of an intoxicant (OWI), as a seventh offense.	*See* WIS. STAT. § 346.63(1)(a) (2019-20).[1] On appeal, Hierl challenges the circuit court's denial of his suppression motion, raising two Fourth Amendment issues.	For the reasons discussed below, we affirm the decision of the circuit court.

## BACKGROUND

¶2	The State charged Hierl with one count of OWI and one count of operating with a prohibited alcohol concentration, both as a seventh offense, as well as operating a motor vehicle while revoked, keeping an open intoxicant in a motor vehicle, and non-registration of a vehicle.

¶3	Hierl moved to suppress the results of the blood test.	The circuit court held an evidentiary hearing at which the arresting officer testified.	The court also viewed part of a video of the traffic stop that had been recorded on the officer's squad car camera.

¶4	The following undisputed facts are taken from the evidence presented at the suppression hearing.

¶5	The officer stopped a vehicle that Hierl was driving after the officer ran the license plates and saw that the plates were expired and that the registered owner of the vehicle had a suspended license and an active warrant.	The officer approached the vehicle and spoke with Hierl.	Hierl reported that he did not have identification, but the officer confirmed his identity through dispatch.	The officer

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

learned that Hierl was not the vehicle's registered owner and that Hierl's driver's license had been revoked. The officer also learned that Hierl had five prior OWI offenses. The officer returned to his squad car and prepared citations for operating after revocation and non-registration.

¶6 The officer went back to the vehicle Hierl had been driving and explained the citations. Hierl did not have means to contact anyone for a ride, so the officer allowed Hierl to use the officer's cell phone to make a call. The officer observed that Hierl turned away from him while he was on the phone. The officer also noticed that Hierl's eyes appeared to be glassy and possibly bloodshot, and that there was an odor of intoxicants coming from inside the vehicle. The officer asked Hierl how much he had had to drink and whether, if he took a preliminary breath test (PBT), he would "blow zeros." Hierl did not answer the question about drinking, and he said that he was not going to blow into anything. The officer asked Hierl to perform field sobriety tests, and Hierl refused. Hierl was placed under arrest for OWI and taken to a hospital where he consented to provide a blood sample. The results of laboratory testing showed a blood alcohol concentration of 0.17.

¶7 At the close of the evidentiary hearing, the court denied the suppression motion. Hierl pled guilty to OWI as a seventh offense. He now appeals, challenging the circuit court's denial of his suppression motion.

## STANDARD OF REVIEW

¶8 On review of a motion to suppress, we uphold the circuit court's findings of historical fact and credibility unless they are clearly erroneous, but we independently review the application of the constitutional principles to the facts. *State v. Eason*, 2001 WI 98, ¶9, 245 Wis. 2d 206, 629 N.W.2d 625.

3

**DISCUSSION**

¶9 A traffic stop is constitutionally permissible when the officer has reasonable suspicion to believe that a crime or traffic violation has been or will be committed. *State v. Popke*, 2009 WI 37, ¶23, 317 Wis. 2d 118, 765 N.W.2d 569. Here, Hierl does not dispute that there was an adequate basis for the initial traffic stop. However, he argues that the stop was unlawfully extended. Alternatively, Hierl argues that the officer lacked probable cause to arrest him. For the reasons discussed below, we reject Hierl's arguments.

¶10 A valid traffic stop may be extended, and a new investigation begun, if "the officer becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense or offenses separate and distinct from the acts that prompted the officer's intervention in the first place[.]" *State v. Betow*, 226 Wis. 2d 90, 94-95, 593 N.W.2d 499 (Ct. App. 1999). The validity of the extension is examined under the same criteria as the initial stop. *Id.* That is, the extension must be supported by reasonable suspicion. *See State v. Hogan*, 2015 WI 76, ¶35, 364 Wis. 2d 167, 868 N.W.2d 124.

¶11 Hierl acknowledges in his opening brief that certain facts in the record, when considered along with Hierl's prior OWIs, offer some support for an extension of the stop to conduct an OWI investigation. These facts include the officer's remarks, which can be heard on the video from the squad camera, that he could smell alcohol and that Hierl's eyes appeared "a little bit glassy." However, Hierl argues that these two facts offer the *only* support for extending the traffic stop to investigate an OWI offense. Hierl asserts that all other relevant facts weigh against a finding of reasonable suspicion. Hierl points out that the stop occurred on

4

a Monday afternoon, that the stop was not triggered by poor driving, that Hierl did not admit to having consumed any alcohol that day, and that the officer testified that he did not notice any problems with Hierl's speech or motor functioning. Hierl argues that, when all of the facts are considered in their totality, it was unreasonable for the officer to extend the stop. We disagree that the facts considered in their totality do not support reasonable suspicion.

¶12    In addition to the officer reporting smelling the odor of alcohol and saying that he believed that Hierl's eyes looked glassy, the record establishes that the officer knew that Hierl had five prior OWI convictions. Therefore, under WIS. STAT. § 340.01(46m)(c), Hierl's prohibited alcohol concentration limit was 0.02. The State argues that, when a person is subject to the 0.02 limit, it takes little alcohol consumption to exceed that limit, and the quantum of proof necessary to support the reasonable suspicion standard is low. In support of this argument, the State relies on *State v. Goss*, 2011 WI 104, 338 Wis. 2d 72, 806 N.W.2d 918.

¶13    In *Goss*, our supreme court stated that there was probable cause for an officer to request a driver to give a PBT sample under the following circumstances: the officer knew the driver was subject to a 0.02 standard; the officer knew that it would take little alcohol consumption for the driver to exceed that limit; and the officer smelled alcohol on the driver. *Id.*, ¶2. Although the *Goss* case centered on whether there was probable cause to request a PBT, which is not an issue in this case, the court nonetheless discussed the reasonable suspicion standard that is applicable here. The court stated that the standard of probable cause for requesting a PBT is "'a quantum of proof that is greater than the reasonable suspicion necessary to justify an investigative stop.'" *Id.*, ¶25 (quoting *County of Jefferson v. Renz*, 231 Wis. 2d 293, 317, 603 N.W.2d 541 (1999)).

¶14     Both parties address the arresting officer's testimony reflecting that the officer was subjectively not aware, based on his exchange with dispatch, that Hierl was subject to a 0.02 prohibited alcohol concentration. However, for purposes of determining whether there was reasonable suspicion to investigate, we agree with the State that it does not matter whether this particular officer was aware that Hierl's five prior OWI convictions caused him to be subject to the 0.02 prohibited alcohol concentration limit. *See* WIS. STAT. § 340.01(46m)(c) (a person with three or more prior convictions is subject to the .02 limit). Law enforcement actions implicating the Fourth Amendment are reviewed "with an objective lens." ***State v. Brown***, 2020 WI 63, ¶25, 392 Wis. 2d 454, 945 N.W.2d 584, *cert. denied*, 141 S. Ct. 881 (2020); *see also* U.S. CONST. amend. IV. The relevant question, then, is what a reasonable officer would have known. We conclude that a reasonable officer would have known that Hierl was subject to the .02 limit. Further, a reasonable officer would also know that little alcohol consumption would be required to exceed that limit. Consistent with this expectation, the arresting officer here testified at the suppression motion hearing that the average person would reach the 0.02 limit by consuming roughly one drink.

¶15     When we view all of the facts together with an objective lens, we conclude that the State carried its burden to show that there was reasonable suspicion to extend the traffic stop to investigate whether Hierl had driven with a prohibited alcohol concentration. Our supreme court has acknowledged, when applying the reasonable suspicion standard, that any one fact, "standing alone, might well be insufficient. But that is not the test we apply. We look to the totality of the facts taken together." ***State v. Waldner***, 206 Wis. 2d 51, 58, 556 N.W.2d 681 (1996). To recap, the record here reflects that the officer reported smelling alcohol, said that he observed that Hierl's eyes were glassy and possibly bloodshot, and had

become aware that Hierl had five prior OWI offenses. A police officer can take even a single prior OWI offense into account in determining whether there is probable cause to arrest a person for an OWI offense. *See State v. Lange,* 2009 WI 49, ¶33, 317 Wis. 2d 383, 766 N.W.2d 551. Here, where the officer knew that Hierl had not just one but five prior OWI offenses, we are satisfied that the facts satisfy the less demanding standard for reasonable suspicion. *See State v. Buchanan*, 2011 WI 49, ¶9, 334 Wis. 2d 379, 799 N.W.2d 775 (providing that "'reasonable suspicion is a less demanding standard than probable cause'" (quoted source omitted)). Further, as we have explained, a reasonable officer would have known that, as person with five prior OWI convictions, Hierl was subject to a 0.02 prohibited alcohol concentration.

¶16    We turn to Hierl's argument that the officer lacked probable cause to arrest him. "Probable cause to arrest … refers to that quantum of evidence within the arresting officer's knowledge at the time of the arrest that would lead a reasonable law enforcement officer to believe that the defendant was operating a motor vehicle [while intoxicated]." *Lange*, 317 Wis. 2d 383, ¶19. In making a determination as to whether probable cause exists, we must look to the totality of the circumstances. *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994). Applying these principles, we agree with the State that it carried its burden of showing that the circumstances in this case were sufficient to satisfy the probable cause standard.

¶17    All of the facts that we have just discussed as relevant to our analysis of whether the officer had reasonable suspicion to extend the traffic stop are also relevant to our analysis of whether the officer had probable cause to arrest Hierl. We will not repeat these facts here.

¶18    Additional facts also contribute to our conclusion that the standard for probable cause to arrest is satisfied in this case.  Hierl declined to perform field sobriety tests when the officer asked him to do so.  "[A] defendant's refusal to submit to a field sobriety test may be used as evidence of probable cause to arrest." *Id.* at 362.  "The most plausible reason for a defendant to refuse such a test is the fear that taking the test will expose the defendant's guilt." *Id.* at 359.  Further, when Hierl got out of his vehicle, he made the following incriminating statement to the officer, "You might as well take me in."

¶19    For all these reasons we conclude that the circuit court properly denied Hierl's suppression motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.